UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERVARUS L. GARY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-391-CCB-SJF |
| IDOC, BURKE, and LLOYD ARNOLD, | |
| Defendants. | |

## **OPINION AND ORDER**

Tervarus L. Gary, a prisoner without a lawyer, filed a complaint, alleging a correctional officer at Westville Correctional Facility used excessive force against him while he was pretending to be unconscious. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gary alleges that on or around March 31, 2025, he faked a signal in order to be seen by medical staff. Officer Burke responded to the signal and found Gary seemingly unresponsive. Gary alleges Officer Burke looked to see if anyone was present in the hallway to witness what he was going to do, then rushed into the room and started

hurting him before anyone else could see. He says that Officer Burke bent his arm up and hurt him, thinking he was asleep.

Gary alleges that Officer Burke carried him over to the control room. Gary says he wasn't saying anything, still pretending to have a medical issue. But he contends that at this point, Officer Burke knew that he was faking. After five minutes of Gary "playing asleep," he looked up and asked the officer why he was hurting him. ECF 1 at 2. Officer Burke responded that it was because Gary was resisting and not complying. However, Gary says that Officer Burke didn't give any orders or speak to him the entire time that he thought Gary was unresponsive. Gary believes Officer Burke hurt him so that he would react and give the officer a justification to hurt him even more.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against convicted prisoners. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890.

These bizarre circumstances do not state a claim for excessive force. The only description of the alleged use of force is of Officer Burke "bending [his] arm up and hurting [him]," thinking he was asleep. ECF 1 at 3. Without more, this does not

2

plausibly allege that the force used was excessive. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Gary believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law

3

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Tervarus L. Gary until **October 10, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Tervarus L. Gary if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 8, 2025.

     /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4